***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted June 21, affirmed November 16, 2022, petition for review denied February 23, 2023 (370 Or 789)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JON LESLIE BRANDT,
*Defendant-Appellant.*

Douglas County Circuit Court
19CR53197; A174871

Frances Elaine Burge, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Andrew D. Robinson, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Stacy M. Chaffin, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

A jury found defendant guilty of one count of aggravated harassment, ORS 166.070(1)(c)—a felony—for propelling saliva at a public safety officer. On appeal, defendant raises two unpreserved assignments of error, one challenging the court's failure to instruct the jury on his culpable mental state as to the official duty element of aggravated harassment and the other challenging his 28-month prison sentence as disproportionate under Article I, section 16, of the Oregon Constitution. We reject defendant's first assignment because, assuming that the trial court plainly erred, we conclude that the error was harmless. We reject his second assignment without discussion because ORS 138.105(8)(a)(A) bars our appellate review.[1] We therefore affirm.

Defendant's claims arise from an incident in which he propelled saliva at Detective Spingath, one of three law enforcement officers who approached defendant while conducting an investigation in which defendant was a suspect. For that incident, defendant was indicted with one count of aggravated harassment, ORS 166.070(1)(c).[2] At trial, the three officers testified for the state. The state also introduced recordings of the officers' two body cameras, showing Spingath's interaction with defendant, although the specific actions underlying the harassment charge were not recorded. Expert witnesses—one for each party—testified about defendant's theory of diminished capacity.

---

[1] For a sentence imposed on conviction of a felony, "[t]he appellate court has no authority to review *** [a] sentence that is within the presumptive sentence prescribed by the rules of the Oregon Criminal Justice Commission." ORS 138.105(8)(a)(A).

[2] ORS 166.070 provides:

"(1)  A person commits the crime of aggravated harassment if the person, knowing that the other person is a:

"* * * * *

"(c)  Public safety officer, intentionally propels saliva at the public safety officer, and the saliva comes into physical contact with the public safety officer, while the public safety officer is acting in the course of official duty or as a result of the public safety officer's official duties.

"* * * * *

"(2)  Aggravated harassment is a Class C felony."

The court gave the uniform instruction for aggravated harassment and did not instruct the jury about whether the state was required to prove that defendant knew that Spingath was acting in the course of Spingath's official duty as a law enforcement officer, nor did defendant object to the given instructions. The jury convicted defendant.

On appeal, defendant argues that the trial court plainly erred because the court failed to instruct the jury about defendant's culpable mental state with respect to whether Spingath was "acting within the course of his official duties" when defendant propelled saliva at Spingath. The state disagrees, contending that the court did not plainly err because it is arguable whether the official duty element in ORS 166.070(1)(c) requires a culpable mental state and that, regardless, any instructional error would have been harmless.

We need not resolve whether the trial court plainly erred because, assuming that the trial court was required to instruct the jury that defendant acted with, at a minimum, criminal negligence that Spingath was acting in the course of his official duty,[3] we are convinced that any error was harmless.

A trial court's instructional error is harmless if there is "little likelihood that the error affected the verdict." *State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003). To make that determination, we consider the instructions "as a whole and in the context of the evidence and record at trial, including the parties' theories of the case with respect to the various charges and defenses at issue." *State v. Owen*, 369 Or 288, 323, 505 P3d 953 (2022) (quoting *State v. Payne*, 366 Or 588, 609, 468 P3d 445 (2020)).

In this case, reviewing the given instructions as a whole and in the context of the evidence and record, we

---

[3] We assume that the official duty element is a circumstance element because it relates to the circumstances of the incident, rather than to a conduct or result. *See State v. Owen*, 369 Or 288, 296, 505 P3d 953 (2022) (there are "three possible categories of material elements, namely, a conduct, a circumstance, or a result" (internal quotations marks omitted; citation omitted)); *see also State v. Simonov*, 358 Or 531, 539-40, 368 P3d 11 (2016) ("Unless otherwise indicated for a particular offense *** 'circumstance' elements require proof of a knowing, reckless, or criminally negligent mental state.").

conclude that there is little likelihood that the jury would have reached a different verdict had it been instructed as defendant proposes. The court instructed the jury that, to find defendant guilty, it must find that defendant "intentionally propelled saliva at *** Spingath" and that defendant "knew that *** Spingath was a public safety officer." The court explained to the jury the definition of "knowledge" to mean whether defendant "act[ed] with an awareness that *** Spingath was a public safety officer." It did not instruct the jury about whether defendant was aware that Spingath was acting in his official capacity.

Ultimately, the jury's guilty verdict was based on its decision to give credibility to the evidence presented to prove the state's theory that defendant acted intentionally to project saliva at Spingath, knowing that Spingath was a police officer, and that defendant had the capacity to understand what he was doing.

Assuming that a minimum culpable mental state applies to the official duty element, the state was required to prove that defendant was at least criminally negligent as to being aware of a risk that Spingath was acting within the course of his official duties.

> "'Criminal negligence' *** means that a person fails to be aware of a substantial and unjustifiable risk that [a] circumstance exists. The risk must be of such nature and degree that the failure to be aware of it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation."

ORS 161.085(10). Based on the jury's findings that defendant acted intentionally and with knowledge that Spingath was a police officer, there is little likelihood that the jury would not have concluded that defendant's failure to be aware of a substantial and unjustifiable risk that Spingath was acting within the course of his official duty constituted a gross deviation from the standard of care that a reasonable person would observe in the situation. Hence, it is unlikely that the jury would not have concluded that defendant was criminally negligent. *See State v. Shedrick*, 370 Or 255, 271-72, 518 P3d 559 (2022) (instructional error as to criminal

negligence was harmless where it is unlikely that the jury would not have concluded that the defendant was criminally negligent).

Accordingly, we reject defendant's argument that a juror could readily have doubted whether he acted with at least criminal negligence as to whether Spingath was acting in the course of his official duties. As the state contends, even if the court had given the jury the disputed instruction, there is little likelihood that the jury would have found otherwise. Therefore, the trial court's error was harmless.

Affirmed.